J-S01014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC KENNETH JONES | : | |
| | : | |
| Appellant | : | No. 749 MDA 2023 |

Appeal from the PCRA Order Entered May 9, 2023
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0000751-2008

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:                **FILED APRIL 15, 2024**

Eric Kenneth Jones appeals *pro se* from the order entered May 9, 2023, dismissing his serial petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Because Jones filed an untimely PCRA petition and failed to allege a timeliness exception to the statutory time bar, we affirm.

A prior panel of this Court set forth the relevant factual history as follows:

> On December 29, 2007, at approximately 3:00 a.m., police officers were dispatched to respond to a call of a rape at South 14th Street and Derry Street in Harrisburg, Pennsylvania. Upon arrival, officers spoke with two witnesses, Rosemary Bell and Olivia Taylor. Ms. Bell told the officers that she had gone to a bar with Ms. Taylor and had been introduced to Jones by her ex-fiancé, Lamont. At the end of the night when Ms. Bell left the bar,

_____

[*] Retired Senior Judge assigned to the Superior Court.

she noticed Lamont left his coat at the bar. Jones then told her that Lamont was "at the house," and Ms. Bell followed Jones to his house at 425 South 15th Street, in order to return the coat to Lamont.

Upon arriving at Jones' home, Ms. Bell noticed no one else was present. She became uncomfortable, went upstairs to the bathroom and called Ms. Taylor to tell her to come and get her. Ms. Bell remained on the phone with Ms. Taylor, and as she left the bathroom, Jones directed Ms. Bell to the bedroom, where she sat on the edge of the bed. Jones made advances towards Ms. Bell, and when she rejected those advances, Jones took the cell phone from her and threw it. Jones then pushed Ms. Bell down upon the bed, and while holding her down, pulled his pants down and put his penis on her chest, while she screamed for Jones to stop.

Within moments, Ms. Taylor arrived at Jones' residence and heard Ms. Bell's screams. Ms. Taylor kicked in the front door and ran up to rescue Ms. Bell. Lamont also arrived at Jones' house, and confronted Jones for assaulting Ms. Bell. After Ms. Bell retrieved her cell phone from the bedroom, she went with Ms. Taylor to a friend's house down the street, where Ms. Bell washed off her chest because she "felt dirty." On the way to the friend's house, Ms. Taylor called the police to report what happened, and police arrived on the scene shortly thereafter.

After talking with Ms. Bell and Ms. Taylor, the officers drove them, in separate vehicles, to 425 South 15th Street, where each witness separately identified Jones as the perpetrator of the assault. After initially speaking with Jones, one officer searched Jones' jacket for weapons and contraband, and found a crack pipe. The officer arrested Jones for possession of drug paraphernalia.

Jones was subsequently charged with indecent assault by forcible compulsion, indecent assault without consent, unlawful restraint, and unlawful possession of drug paraphernalia. On January 14, 2009, the jury found Jones guilty of indecent assault by forcible compulsion, not guilty of unlawful restraint and unlawful possession of drug paraphernalia, and the jury did not reach a verdict on the charge of indecent assault without consent.

***Commonwealth v. Jones***, 2013 WL 112746820, unpublished memorandum, at *1-2 (Pa. Super. filed March 28, 2013) (quoting Trial Court Opinion, 12/24/09, at 1-3).

On July 13, 2009, the trial court sentenced Jones to a mandatory minimum of 25 years' incarceration to a maximum of 50 years' incarceration, due to Jones' prior conviction for rape. Jones did not file a direct appeal. Jones' first timely PCRA petition was granted, and his direct appeal rights were reinstated. This Court affirmed his judgment of sentence on November 3, 2010. Jones filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on July 29, 2011.

Between September 2011 and February 2018, Jones filed several PCRA petitions and petitions for writ of *habeas corpus* that were denied. Jones filed the instant PCRA petition on January 20, 2023, and the court denied it as untimely on May 9, 2023. Jones timely appealed. The trial court did not order Jones to file a Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b).

Jones raises one claim:

1. Whether the [c]ourt committed error by reaching a conclusion that Act-178 of the 2006 legislation under Megan's Law III was not unconstitutional, when the entirety of Megan's Law III was contained in Act-152, which the court states was held unconstitutional[?]

Appellant's Brief, at 4.

Before we can consider Jones' claim, we must first determine if his PCRA petition was timely filed, as it implicates the jurisdiction of this Court. *See* *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

Jones' PCRA petition is patently untimely, as his judgment of sentence became final on October 27, 2011, ninety days after our Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence "becomes final at the conclusion of direct review … or at the expiration of time for seeking the review."); Sup. Ct. R. 13 (stating that a petition for writ of certiorari is to be filed within 90 days after the entry of the order denying discretionary review).

As such, Jones may only proceed with his PCRA petition if he has satisfied one of the three timeliness exceptions. *See* 42 Pa.C.S. § 9545(b)(1) (requiring the petitioner to prove he could not raise the claim previously due

to government interference, facts that were unknown to him and could not have been obtained by the exercise of due diligence, or a newly recognized constitutional right that has been held to apply retroactively). Jones has failed to raise a timeliness exception but asks this Court to "not use the timeliness issue[.]" Appellant's Brief, at 9. We simply cannot do that. "The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267-68 (Pa. 2008). Accordingly, the trial court correctly denied Jones' PCRA petition as untimely, and we affirm.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/15/2024

- 5 -